IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JONATHAN S. PARRISH | ) | |
| | ) | |
| v. | ) | NO. 3:19-0718 |
| | ) | |
| U.S. BANK NATIONAL ASSOCIATION | ) | |
| AS INDENTURE TRUSTEE OF THE | ) | |
| GMACM HOME EQUITY LOAN TRUST | ) | |
| 2004-HE3 | ) | |

**TO: Honorable Aleta A. Trauger, District Judge**

### R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered September 3, 2019 (Docket Entry No. 10), the Court referred this *pro se* action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the motion to dismiss (Docket Entry No. 5) filed by Defendant U.S. Bank National Association, as Indenture Trustee of the GMACM Home Equity Loan Trust 2004-HE3. Plaintiff has not filed a response to the motion. For the reason set out below the Court respectfully recommends that the motion be granted and this action be dismissed.

### I.  BACKGROUND

Jonathan S. Parrish ("Plaintiff") is a resident of Nashville, Tennessee. On June 18, 2019, he filed a *pro se* lawsuit against U.S. Bank National Association, as Indenture Trustee of the GMACM Home Equity Loan Trust 2004-HE3 ("Defendant" or "U.S. Bank"), in the Chancery Court for

Davidson County, Tennessee. *See* Complaint (Docket Entry No. 1-2 at 4-10). U.S. Bank thereafter removed the case to this Court under 28 U.S.C. §§ 1441 and 1446 on the basis of diversity jurisdiction under 28 U.S.C. § 1332.

Plaintiff's lawsuit centers around a piece of real property located at 4804 Danby Drive, Nashville, Tennessee (the "Property"). Plaintiff and his wife purchased the Property on December 17, 2004, by executing a loan agreement in the amount of $149,200.00 and a deed of trust securing the loan in favor of the lender, GMAC Mortgage Corporation ("GMAC"). *See* Complaint at 5, ¶ 6.[1] At the same time, Plaintiff and his wife also entered into a home equity line of credit ("HELOC") agreement with GMAC and secured the line of credit agreement with a separate deed of trust on the Property ("HELOC DOT"). *Id*.[2] Although Plaintiff does not allege any facts as to the status of payments on the primary loan and the HELOC, he asserts that he received a "Substitute Trustee Sale Notice" from Shapiro & Ingle, LLP ("Shapiro"), on January 4, 2019, stating that the HELOC was in default, that the party entitled to enforce the debt was U.S. Bank, and that the Property was scheduled to be sold at a public auction on February 12, 2019. *Id*. at 6, ¶ 11; Exhibit G (Docket Entry No. 1-2) at 61-64. Plaintiff does not allege any additional facts concerning the auction of the Property, and there is no indication from anything in the record that the auction took place.

---

[1] Although Plaintiff attached to his complaint a copy of the deed of trust securing the underlying loan agreement, *see* Exhibit B (Docket Entry No. 1-2 at 18-38), and subsequent assignments of the deed of trust, *see* Exhibits D (Docket Entry No. 1-2 at 52-54) and Exhibit F (Docket Entry No. 1-2 at 58-60), he did not attach a copy of the underlying loan agreement.

[2] Plaintiff attached to his complaint a copy of the HELOC agreement, *see* Exhibit D (Docket Entry No 1-2 at 39-51) but he did not attach a copy of the HELOC DOT. However, the HELOC DOT has been filed as Exhibit 1 to Defendant's motion and indicates that $37,000.00 was borrowed by Plaintiff under the HELOC. *See* Docket Entry No. 6-1.

2

Plaintiff alleges that none of the deeds of trust or loan agreements have been "negotiated in any way, through [endorsement] or Assignment" to U.S. Bank, *see* Complaint at 6, ¶ 12, and he disputes that U.S. Bank has a legal interest in the Property that gives it standing and an equitable right to foreclose on the Property.[3] Although Plaintiff acknowledges that a Substitution of Trustee was filed and recorded on December 12, 2018, in which U.S. Bank states it is the lender on the HELOC and appoints Shapiro as the substitute trustee on the HELOC DOT, he alleges that this document was fraudulently filed in breach of the deed of trust for the primary loan agreement, *id*. at 7, ¶ 15, and in a scheme "to drive Plaintiff into foreclosure so that they could acquire the [Property] with its large equity at a bargain basement price." *Id*. at 7-8, ¶¶ 15-17. Plaintiff further alleges that his title to the property has been slandered because the recording requirements for the deed of trust have not been met. *Id*. at 9, ¶ 21. Seeking actual damages and an order that (1) the title to the Property remain in his name during the pendency of the litigation and (2) any attempted sale of the Property be declared null and void, *id*. at 8, ¶ 20, Plaintiff brings claims against U.S. Bank for breach of contract, lack of standing, fraud, and declaratory relief. *Id*. at 4.

## II. MOTION TO DISMISS

In lieu of an answer, Defendant filed the pending motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant argues that Plaintiff fails to allege facts supporting his claims for relief and that the underlying premise for his lawsuit is flawed. Specifically, Defendant argues that the notice of foreclosure sale that Plaintiff received occurred not pursuant to

---

[3] In support of his argument, Plaintiff attaches to his complaint the affidavit of Joseph R. Esquivel, Jr., a private investigator in Texas who attests to having performed a public records search regarding the Property and related loan documents. *See* Exhibit A (Docket Entry No. 1-2 at 11-17).

enforcement of the primary home loan agreement and its deed of trust but, instead, pursuant to enforcement of the HELOC agreement and the HELOC DOT. Defendant asserts that it was assigned GMAC's legal interest in the HELOC DOT pursuant to a recorded assignment[4] and that it was within its rights to take steps to enforce the HELOC DOT. Defendant contends that Plaintiff's claims are based upon the instruments created for the underlying home loan, not for the HELOC, and that Plaintiff fails to allege facts supporting his claims of fraud, breach of contract, or slander of title. Finally, Defendant argues that Plaintiff fails to allege facts showing that he has satisfied his payment obligations under the HELOC agreement and, thus, fails to show that he has a factual or legal basis for an equitable claim that the foreclosure proceedings should be stopped and/or that he should be granted a free and clear title to the Property.

By Order entered September 5, 2019, Plaintiff was notified of the motion, given a deadline of October 4, 2019, to file a response, and advised that his failure to file a timely response may result in the dismissal of the case. *See* Docket Entry No. 11. The docket reflects that Plaintiff has not responded to the motion nor made any other type of filing since filing his complaint.

## III.  STANDARD OF REVIEW

Defendant's motion to dismiss is reviewed under the standard that the Court must accept all of the well pleaded allegations contained in the complaint as true, resolve all doubts in Plaintiff's favor, and construe the complaint liberally in favor of the *pro se* Plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). However, Plaintiff must nonetheless

---

[4] *See* Exhibit 2 (Docket Entry No. 6-2).

provide factual grounds supporting his claims for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Plaintiff's factual allegations must be enough to show a plausible right to relief. *Twombly*, 550 U.S. at 555-61. The complaint must contain either direct or inferential factual allegations that are sufficient to sustain a recovery under some viable legal theory. *Id.*; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988). To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility that a defendant has acted unlawfully." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). The well pleaded factual allegations must "do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

In reviewing Defendant's motion, the Court has not excluded the two documents submitted by Defendant. The documents are generally referred to in the complaint and are central to Plaintiff's claims. *See Gardner v. Quicken Loans, Inc.*, 567 Fed.App'x 362, 364–65 (6th Cir. June 2, 2014); *Okolo v. Metropolitan Gov't of Nashville and Davidson County*, 892 F.Supp.2d 931, 946 n.5 (M.D. Tenn. 2012).

## IV. CONCLUSION

Defendant's motion to dismiss should be granted. First, although Plaintiff was specifically notified of the motion, given an extended response deadline, and warned of the need to respond, he has not responded in any manner to the motion. Under Local Rule 7.01(a)(3), Plaintiff's failure to

5

file a response indicates that there is no opposition to the motion. *See also Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470 at *2 (6th Cir.1989) (unpublished table decision) ("if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.").

Second, review of the motion shows that Defendant has set forth persuasive arguments that Plaintiff's claims lack legal merit, are largely conclusory, and are not supported by his factual allegations. The Court finds these arguments to be legally sound and to support dismissal of Plaintiff's claims. *See Layer-Rosario v. Allied Mortg. Capital Corp.*, 2018 WL 1989636 (6th Cir. Jan. 9, 2018) (dismissing lack of standing to foreclose and slander of title claims); *Kebede v. Suntrust Mortgage, Inc.*, 612 Fed.App'x 839, 841 (6th Cir. Sept. 2, 2015); *Thompson v. Bank of Am., N.A.*, 773 F.3d 741 (6th Cir. 2014); *Dauenhauer v. Bank of New York Mellon*, 562 Fed.App'x 473 (6th Cir. 2014). Plaintiff has not rebutted these arguments. In the absence of a response from Plaintiff as to why his claims should not be dismissed for the reasons argued by Defendant, it is not the duty of the Court to "abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992).

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that the motion to dismiss (Docket Entry No. 5) be GRANTED and this action be DISMISSED in its entirety.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific

portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

        Respectfully submitted,

        BARBARA D. HOLMES
        United States Magistrate Judge